IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS JAMES POLEDORE, JR., | § | |
| TDCJ-CID NO. 1400186, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-0407 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Dennis James Poledore, Jr., a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging three state court felony convictions for aggravated assault with a deadly weapon. Respondent has filed a motion for summary judgment (Docket Entry No.18), to which petitioner has filed several responses. (Docket Entries No.23, No.24, No.26). Petitioner has also filed a motion for an evidentiary hearing (Docket Entry No.25) and a motion to supplement his response to the summary judgment motion. (Docket Entry No.27).

For the reasons to follow, the Court will grant respondent's motion for summary judgment and deny all other pending motions.

I.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner reports that on January 30, 2006, he was re-indicted on the three counts of aggravated assault; thereafter on February 7, 2006, the state district court arraigned him and he signed an affidavit requesting the reappointment of Attorney Frank Fraley as his trial counsel. (Docket Entry No.4, page 4). The state district court issued an order appointing Fraley as counsel. (*Id.*). On June 25, 2006, petitioner met with Attorney Fraley for the last time until trial.

(*Id.*, page 5).   On June 26, 2006, the state district court set trial for August 15, 2006.   (Docket Entry No.4-5, page 18).   On July 17, 2006, petitioner was re-indicted a second time for the three offenses ("Indictment B") but the state district court did not arraign him and did not conduct a hearing to determine his indigence or to appoint counsel.   (Docket Entry No.4, page 4).   Petitioner did not request the state district court to appoint counsel or reappoint counsel and was unsure if the State would proceed to trial on the charges in Indictment B.   (*Id.*).

A the trial in August 2006, a jury in the 240th State District Court of Fort Bend County, Texas, heard the following evidence in cause numbers 42537B, 42538B, and 42527B, as summarized by the First Court of Appeals for the State of Texas in its Memorandum Opinion:

> In February 2004, Poledore was doing carpentry work on the house next door to Brenda James.   Poledore and Brenda developed a friendship, which evolved into a romantic relationship.   In October 2004, Poledore was in an automobile accident, and Brenda recommended that he see her son, Derrill James, who is a chiropractor.   During the course of his treatment, the insurance company mistakenly sent Poledore a check as payment of medical treatment that was supposed to have been sent to Derrill.   Derrill contacted Poledore several times in an effort to receive payment to no avail.   Around April 2005, Brenda ended her relationship with Poledore.
>
> On June 24, 2005, Poledore telephoned Derrill's office to tell them that he was ready to pay the money.   Poledore and Derrill arranged to meet at Brenda's house that afternoon.   When Poledore arrived at Brenda's house, he followed her into the kitchen where Derrill was waiting.   At that point, he withdrew a gun from underneath his clothes, pointed it at Derrill's head, and cocked it.   Brenda began begging Poledore not to do this. Derrill's wife, Likeysha, heard the commotion and came in from the back bedroom.   When Likeysha tried to run away, Poledore threatened to kill Derrill if she did not return.   Once Likeysha returned, Poledore made them all lie down on the floor, and he continued to threaten them.   He then duct-taped their arms and legs.   Poledore threatened to kill them if they called the police.   Eventually, he decided to let them go, and cut the duct-tape off Likeysha and Derrill.   He told them to wait five minutes before leaving, so that he could get away.

> After Likeysha and Derrill helped free Brenda, they left to pick up Derrill and Likeysha's son from daycare.  They did not immediately call the police because of a disagreement over whether to contact them.  Brenda and Likeysha were afraid to report the assault but Derrill thought they should.  They stopped by two constable's offices on their way back from the daycare center but both were closed.  They then went to Brenda's older son's house in Richmond and phoned the police.  The Richmond police informed them that they had to return to the scene of the crime and call the police from there, which they did.

> At trial, both Brenda and Derrill identified Poledore as the assailant.  In his defense, Poledore presented two witnesses who testified to seeing him on the day of the assault at approximately the same time that Brenda, Derrill, and Likeysha testified it took place.  Poledore did not testify.

*Poledore v. State*, No.01-06-00948-CR, No.01-06-00998-CR, No.01-06-00999-CR, 2008 WL 2466209, *1 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (not designated for publication). Thereafter, the jury found petitioner guilty of three counts of aggravated assault with a deadly weapon.  (Docket Entry No.12-41, page 63).  The state district court sentenced petitioner to sixty years confinement on each count to run concurrently.  (*Id.*, page 71).

On direct appeal, petitioner complained that the state district court erred in consolidating the three cases together into one trial, denying his request to charge the jury on a lesser-included offense, and admitting State's exhibit eleven at the punishment phase of trial. *Poledore*, 2008 WL 2466209 at *1.  He also complained that his trial counsel rendered constitutionally ineffective assistance for failing to (1) make challenges for cause during voir dire; (2) consult with petitioner before waving arraignment; (3) object to certain testimony and evidence; (4) subpoena certain witnesses; and (5) elicit certain testimony to create a bill of exception.  *Id.* at *4.  In affirming the lower court's judgment, the state intermediate appellate court found no error in consolidating the three cases in one trial or denying an instruction on a lesser-included offense.  *Id.* at *8.  The state appellate court also found that petitioner waived his

objection to State's exhibit 11 and that his trial counsel rendered constitutionally effective assistance of counsel.  *Id.*  The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review.  (Docket Entries No.12-20, page 2; No.12-47, page 1; No.12-69, page 3).

Petitioner sought state habeas relief on the following grounds:

1. He was denied the effective assistance of counsel of choice at trial because the state district court did not arraign him or reappoint counsel after a final re-indictment;

2. He was denied due process by the admission of an unauthorized waiver of arraignment filed by counsel who had not been requested or properly appointed;

3. He was denied adequate notice to prepare for trial;

4. The state district court improperly enhanced his sentence because the State failed to follow proper procedures and to prove past convictions;

5. Petitioner's trial counsel rendered constitutionally ineffective assistance of counsel by failing to:

   a. Obtain petitioner's authorization to waive arraignment, and,

   b. Object to the defects of State's Exhibit 11 and other irregularities;

6. He was denied the effective assistance of counsel on appeal.

(Docket Entries No.12-3, pages 23-35; No.12-7, pages 22-34; No.12-18, pages 27-39).  The state district court, sitting as a habeas court, found that petitioner received constitutionally effective assistance of counsel at trial, there were "controverted, previously unresolved facts material to the legality of applicant's confinement[,]"[1] and that other matters were raised and rejected on appeal.  (Docket Entries No.12-4, pages 70-71; No.12-8, pages 90-91; No.12-19, pages 62-63).

---

[1] The state habeas court did not indicate what facts were controverted or unresolved.  Presumably, because the court recommended that relief be denied, it appears evident that the state habeas court misstated his findings and intended to state that there were **no** controverted, previously unresolved facts material to the legality of petitioner's conviction.

The state habeas court recommended that state habeas relief be denied.  (Docket Entries No.12-4, page 69; No. 12-8, page 89; No.12-19, page 64).  The Texas Court of Criminal Appeals denied relief without written order.  (Docket Entries No.12-3, page 2; No.12-7, page 2; No.12-18, page 2). [2]

Petitioner seeks federal habeas relief on the following grounds:

1.   He was denied the right to counsel of his choice at trial;

2.   He was denied the effective assistance of counsel at trial because his trial counsel:

    a.   Failed to properly investigate and correct matters before trial after receiving notification that his representation was illegal;

    b.   Impeded his right to counsel of choice by refusing to withdraw;

    c.   Did not contact petitioner during the month before trial;

3.   He was denied the effective assistance of counsel on appeal because his appellate counsel did not investigate and raise the claims that petitioner wanted him to pursue on direct appeal;

4.   The state district court denied him due process of law and committed reversible error by:

    a.   Failing to arraign him before trial and after twice receiving notification of the error;

    b.   Accepting an amended waiver of arraignment;

---

[2] Petitioner was charged and convicted of aggravated assault with a deadly weapon of Brenda James in cause number 42,537B.  The judgment was affirmed in No.01-06-00998-CR and his PDR refused in PD-1249-08.  His state habeas application was denied in WR-16,788-09.

Petitioner was charged and convicted of aggravated assault with a deadly weapon of Derrill James in cause number 42,572B.  The judgment was affirmed in No.01-06-00948-CR and his PDR refused in PD-1248-08.  His state habeas application was denied in WR-16,788-10.

Petitioner was charged and convicted of aggravated assault with a deadly weapon of Likeysha James in cause number 42,538B.  The judgment was affirmed in No.01-06-00999-CR and his PDR refused in PD1250-08.  His state habeas application was denied in WR-16,788-11.

      c.      Denying his motion to dismiss for failure to arraign filed by unauthorized counsel;

      d.      Depriving him of notice to prepare for trial and infringing upon his right to counsel of choice;

5.      The state district court committed reversible error by enhancing his punishment without instituting any mandatory enhancement provisions under state law, such as;

      a.      Reading enhancement paragraphs into the record;

      b.      Arraigning petitioner and requiring a plea;

      c.      Making findings on the enhancement paragraphs in petitioner's presence to allow to defend against the same; and,

      d.      Requiring the State to prove the finality of a prior conviction for enhancement purposes.

(Docket Entries No.1, No.4).  Petitioner also requests an evidentiary hearing.  (Docket Entries No.4, No.25).

Respondent moves for summary judgment on grounds that petitioner's claims are without merit and that he is not entitled to an evidentiary hearing.  (Docket Entry No.18).

II.    <u>DISCUSSION</u>

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56.  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  Thereafter, "the burden shifts to the

nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in his petition for discretionary review and state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in his petition for discretionary review and his state habeas application have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2).  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  To be unreasonable, the state decision must be more than merely incorrect.  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts

in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.  *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts).  Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party.  *Id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *Id.*

A.    Trial Error

Petitioner complains that the state district court committed reversible error during both phases of trial.  The state district court, sitting as a habeas court, did not issue specific findings with respect to these issues, but recommended that state habeas relief be denied.  The Texas Court of Criminal Appeals denied relief without written order.  The ruling of the Texas Court of Criminal Appeals on these grounds constitutes an adjudication of petitioner's claims on the merits.  *Bledsue v. Johnson*, 188 F.3d 250, 257 (5th Cir. 1999).  Therefore, the deferential

standard set forth in 28 U.S.C. § 2254(d) is applicable to this case and must be demonstrated by petitioner.

1.    Pre-Trial Errors

         Petitioner alleges the state district court denied him a fair trial by failing to arraign him after the State re-indicted him for the second time and by denying his oral motion to dismiss for failure to arraign.  (Docket Entries No.1, No.4).  Petitioner contends that by such failure, the state district court deprived him of sufficient notice of the charges against him and forced him to accept an amended waiver of arraignment from unauthorized counsel.  (*Id.*).  Petitioner also complains that the state district court failed to hold an indigency hearing for the appointment of counsel after the second re-indictment, thereby forcing him to proceed at trial without properly appointed counsel or counsel of his choice.  (*Id.*).  Petitioner further complains that the state district court did not dismiss the original or first re-indictments before proceeding to trial on the second set of re-indictments.  (*Id.*).

a.    Arraignment

         Petitioner was initially indicted on the three counts of aggravated assault on July 18, 2005, in cause numbers 42537, 42538, and 42572.  (Docket Entries No.12-41, page 10; No.12-68, page 10; No.12-84, page 10).  The state district court granted petitioner's motion for counsel and appointed Attorney Frank Fraley to defend petitioner on August 5, 2005.  (Docket Entries No.12-41, pages 11-12; No.12-68, pages 11-12; No.12-84, pages 11-12).  On November 15, 2005, Fraley had petitioner sign a form entitled "Waiver of Arraignment."  (Docket Entry No.12-41, page 35; No.12-68, page 35; No.12-84, page 35).  By such form, petitioner confirmed that (1) he was the person charged; (2) he had been served a copy of the indictment and waived

10

any statutory time allowed between service of the indictment and his arraignment; (3) he waived the right to be formally arraigned; and (4) he entered a plea of not guilty to the offenses charged. (*Id.*).

Before Fraley filed the Waiver of Arraignment in the state district court, the State later issued two sets of re-indictments, the first to include enhancement paragraphs, and the second to correct a date in the first enhancement paragraph.   The first re-indictments to cause numbers 42537A, 42538A, and 42572A (the "A" re-indictments) added the following to each charge:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 19th day of August, 1984, in cause number F84-76850-TK in the Criminal District Court 4 of Dallas County, Texas, the defendant was convicted of the felony of Aggravated Robbery;
>
> And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number F84-76850-TK was final, the defendant committed the felony of Aggravated Robbery and was convicted on the 13th day of December, 1988, in cause number 513861 in the 174th District Court of Harris County, Texas.

(Docket Entries No.12-41, page 17; No.12-68, page 17; No.12-84, page 17).  After the State filed those charges, petitioner executed an affidavit acknowledging them and confirming that he already had Fraley as his appointed counsel.  (Docket Entries No.12-41, page 18; No.12-68, page 18, No.12-84, page 18).   On February 7, 2006, the state district court issued another Order Appointing Counsel in each cause number.  (Docket Entries No.12-41, page 19; No.12-68, page 19; No.12-84, page 19).

The second set of re-indictments in cause numbers 42537B, 42538B, and 42572B (the "B" re-indictments), filed on July 17, 2006, corrected the date listed in the first enhancement

paragraph from "the 19th day of August, 1984" to "the 4th day of December, 1984." (Docket Entries No.12-41, page 44; No.12-68, page 44, No.12-84, page 44). On the same day, Fraley filed with the state district court petitioner's Waiver of Arraignment form, which petitioner had signed on November 15, 2005, and to which Fraley had added the letter "B" following the original indictment cause numbers listed at the top of the form. (Docket Entries No.12-41, page 69; No.12-68, page 69; No.12-84, page 69).

On August 16, 2006, during the State's case-in-chief, Fraley presented the following oral motion:

> MR. FRALEY:  Judge, on behalf of the defendant, Mr. Dennis Poledore, he's asking that this charge be dismissed based on the fact that there was a reindictment in the case, and he was never arraigned on a new reindictment.  The original was one set of numbers, and there was one with sub-A and sub-B. He has never waived his right to arraignment.  He felt because he was never arraigned under B, the charges being brought forward need to be dismissed.
>
> Mr. YACK:  I believe he was arraigned, and he pled in open court.
>
> MR. FRALEY:  Under the rules, that is saying that -- that's not the same thing.  Basically, what was read yesterday in regards to the indictment was just to let the defendant know what charges were brought against him and to enter his plea, where an arraignment has to do with identifying the defendant and also getting his plea.
>
> \*   \*   \*   \*   \*   \*
>
> MR. YACK:  I have a document filed in the case, waiver of arraignment, in all three cases.
>
> MR. FRALEY:  That's before the reindictments.  That was just for --
>
> THE COURT:  Well, this is for B.  This is for the second reindictment in all three cases, and, of course, not only your name is on there, but the defendant's name is on there.

(Docket Entry No.12-44, pages 4-6).  In petitioner's presence, Fraley informed the state district court that he altered the waiver of arraignment form to apply it to the "B" re-indictments after petitioner signed the form.  (*Id.*, page 6).  Petitioner did not object to Fraley's alteration of the form, attempt to withdraw the waiver of arraignment, or complain that he had no knowledge of it.  *Poledore*, 2008 WL 2466209 at *6.  The state district court denied the motion to dismiss the charges.  (Docket Entry No.12-44, page 6).

Petitioner fails to set forth any facts to show that he was deprived of due process or denied a fair trial by the state district court's failure to arraign him a third time after re-indictment regardless of the amended waiver and the denial of the motion to dismiss.  Texas law provides that "[i]n all felony cases, after indictment . . . there shall be an arraignment."  TEX. CODE CRIM. PROC. ANN. art. 26.01 (Vernon 2009).  "The purpose of arraignment is to determine the identity and the plea of the person charged."  *Richardson v. State*, 508 S.W.2d 380, 381 (Tex. Crim. App. 1974); TEX. CODE CRIM. PROC. ANN. art. 26.02 (Vernon 2009).   Once the defendant's identity has been established and he or she has been afforded an opportunity to enter a plea, the purpose of arraignment has been fulfilled.  *Richardson*, 508 S.W.2d at 381-82.  Here, petitioner's identity was clearly established at two previous arraignments and he had been afforded an opportunity to enter a plea.  Petitioner entered a plea of not guilty to the three counts before the jury.  (Docket Entry No.12-43, pages 74-76).  Therefore, an arraignment became superfluous.  Petitioner did not object to the amended waiver of arraignment form or his trial counsel's purported amendment of the same.  Therefore, the state district court did not err by denying his motion to dismiss.

To the extent that petitioner complains that for want of a third arraignment, he was denied sufficient notice as to whether the State intended to proceed with the charges on the

"B" re-indictments because they were issued after the state district court set the trial date, such complaint is without merit. The superseding "B" re-indictments charged the same offenses as the original charges and charged substantially the same enhancement paragraphs as the "A" re-indictments. The State may re-indict a defendant to add enhancement allegations after a trial date is set if the re-indictment is for the same case and merely adds a punishment allegation for enhancement purposes. *Cf. Perez v. State*, 678 S.W.2d 85, 86 (Tex. Crim. App. 1984). Furthermore, the "B" re-indictments were filed more than ten days before trial; therefore, petitioner and his trial counsel had sufficient time to respond with written pleadings and to prepare for trial. *See* TEX. CODE CRIM. PROC. ANN. art. 27.11 (Vernon 2006).

b.      Appointment of Counsel

Petitioner further fails to show that he was denied a fair trial or the right to properly authorized counsel by the state district court's failure to hold a hearing for the purpose of appointing counsel following the "B" re-indictments. "For an attorney to render effective and competent representation there is no requirement of a ceremonial court appointment or a formal contract between attorney and client." *Collins v. Green*, 505 F.2d 22, 25 (5th Cir. 1974); *United States v. Cronic*, 466 U.S. 648, 654 (1984) (noting that the Sixth Amendment "requires not merely the provision of counsel to the accused, but 'Assistance,' which is to be 'for his defen[s]e'"). Because petitioner was appointed counsel before the "B" re-indictments and counsel acted on petitioner's behalf before the re-indictments and thereafter, this case does not fall within the *Cronic* framework. 466 U.S. at 658-62 (considering cases in which ineffectiveness of counsel can be presumed). Even though petitioner did not explicitly accept Fraley's appointment following the "B" re-indictments, he implicitly did so by not objecting to

14

such representation in a timely manner,[3] therefore, he cannot assert "the complete denial of counsel . . . at a critical stage of his trial." *Id.* at 659.  Nor can he maintain by this record that his trial "counsel entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." *Id.*

A defendant in a criminal trial enjoys a conditional right to retain counsel of his choosing.[4]  *Newton v. Dretke*, 371 F.3d 250, 255 (5th Cir. 2004).  While a defendant has a right to counsel and a limited right to retained counsel of his choice, he does not have a right to appointed counsel of his choice.  *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).  Although petitioner indicates that he intended to retain new counsel if the State moved forward on the "B" re-indictments, he was free at any point after the state district court appointed counsel, to obtain counsel of his choosing.  Petitioner, however, did not request that Attorney Fraley be withdrawn as counsel and did not inform the state district court that he had counsel ready to substitute in and try the case.  Instead, he continued with Fraley as appointed counsel after receiving notice of the August trial setting in June 2006 and the "B" re-indictments in July 2006.  Petitioner, therefore, fails to show constitutional error and failed to preserve error in state court.  More importantly,

---

[3] At some point during the course of the guilt-innocence phase of trial, Attorney Fraley raised the issue of his appointment as counsel to the state district court's attention, as follows in pertinent part:

> MR. FRALEY:  I'd also like the record to reflect Mr. Poledore has never waived any right to counsel or any procedural rights.  Nor did he – in his opinion, he never agreed to appoint me or myself to represent him in the new reindictments.

> THE COURT:  Okay.  Well, as to the latter, Mr. Poledore's claim comes too late.  If he did not want you to represent him at trial and had not agreed to have you represent him at trial, he should have made that fact known to the Court before we started the trial.  Now he has waived that complaint, if it is, in fact, a complaint.

(Docket Entry No.4-6, page 3).  Petitioner did not submit a written motion to withdraw Fraley as counsel and did not indicate that he had retained counsel ready to step in and try the case.

[4] "The right to counsel of choice does not extend to defendants who require counsel to be appointed for them."  *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).  The trial court has wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar."  *Id.* at 151-52 (citations omitted).

petitioner has failed to show that the state courts' adjudication of this claim was unreasonable as required by the AEDPA.

c.      Multiple Indictments

Following his argument regarding the waiver of an arraignment, Attorney Fraley voiced to the state district court, petitioner's concern that he could have six charges pending against him rather than three because the State had not dismissed the earlier filed indictments. (Docket Entry No.12-44, pages 6-7).   The state district court stated, "That's a matter of formality, and it would not be grounds for stopping the trial or dismissing the charges."   (*Id.*, page 7).   The prosecutor added that he believed "jeopardy would attach after this trial" and the State could not proceed on the other indictments.   (*Id.*).

"[T]here is no absolute bar against the government having two indictments pending simultaneously which both allege the same violations by the same defendant."   *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989).   The record shows that the original indictments and the "A" indictments were dismissed on September 28, 2006.   (Docket Entries No.12-41, page 15; No.12-68, page 15; No.12-84, page 15).   Petitioner's complaints regarding the dismissal of the earlier-filed indictments are without legal merit.

Accordingly, petitioner fails to show that the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2.      Punishment Hearing Error

Petitioner contends that the state district court improperly enhanced his sentence to sixty years confinement because it did not institute any mandatory enhancement procedures of section 12.42 of the Texas Penal Code, *i.e.*, it did not arraign him on the enhancement paragraphs in the "B" re-indictments, did not require the enhancement paragraphs to be read into the record, did not afford the petitioner an opportunity to enter a plea regarding the enhancements, and did not make a finding on the enhancement paragraphs in petitioner's presence so that he could defend against the ruling.  (Docket Entry No.1).  Petitioner also contends that his sentence was improperly enhanced because the State failed to prove that one of the convictions used to enhance his sentence was final and because the evidence before the trial showed two convictions. (Docket Entries No.1, No.4).

Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented.  *See Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).  Whether an offense has been properly enhanced is generally a matter of state law.  *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971).  Here, petitioner's complaints about the use of his prior convictions for enhancement purposes relate solely to matters of state law.  Although he generally asserts that state court error denied him due process, he fails to articulate and develop a federal constitutional claim.  Because petitioner has not shown the enhancement of his sentence implicates any federal constitutional guarantee, his claims are not cognizable on federal habeas review.

Even if petitioner could identify and articulate a federal constitutional claim relative to the alleged improper enhancements, no relief would be available to him.  Under state

law, when the trial court assesses a defendant's punishment in a bifurcated trial, as in this case, the court is not required to read the enhancement paragraphs or the findings to the defendant. *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.-Fort Worth 1993, pet. ref'd) (citing *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973); *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.-Houston [1st Dist.] 2005, pet. ref'd). Moreover, in response to a claim that his trial counsel should have objected to the State's exhibits, the state appellate court found the exhibits used to support the enhancements were properly admitted.[5] *Poledore*, 2008 WL 2566209 at *7.

Accordingly, petitioner is not entitled to federal habeas relief on these claims.

B.    Ineffective Assistance of Trial Counsel

Petitioner claims he was denied the effective assistance of counsel at trial because his trial counsel did not properly investigate and correct matters before trial after receiving notification that his representation was illegal, did not request a continuance to validate the claim of improper representation, impeded his right to counsel of choice by refusing to withdraw, and did not contact him during the month before trial. (Docket Entries No.1, No.4).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas

---

[5] The record shows that the state district court queried whether the parties were ready to proceed at the punishment hearing but did not arraign petitioner on the enhancement paragraphs in the "B" re-indictments. (Docket Entry No.12-45, page 4). Sergeant Larry Spillers, a fingerprint identification expert, testified that petitioner's fingerprints matched those on the pen packets in State's exhibits 11 and 12. (Docket Entry No.12-45, page 8). The exhibits were admitted without objection. (*Id.*). State's exhibit 11 is a pen packet which contains petitioner's photograph, fingerprints, and a judgment of a conviction for aggravated robbery, dated December 4, 1984. (Docket Entry No.12-46, page 28). State's Exhibit 12 is also a pen packet containing petitioner's photograph, fingerprints, and a judgment of conviction for aggravated robbery dated December 13, 1988, which also shows a plea of true to a prior conviction. (*Id.*, pages 34-35).

The prosecutor argued in closing, without objection, that petitioner had been convicted twice of aggravated robbery in 1984 and 1988, and asked the Court to sentence him to sixty years confinement. (Docket Entry No.12-45, pages 56-58). Petitioner's trial counsel argued for leniency and petitioner pleaded for the same. (*Id.*, pages 58-63). Petitioner admitted that he had been incarcerated and did not contest the validity of either previous conviction. (*Id.*, pages 59-60).

corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or

19

the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decisions on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Counsel "has a duty to make a reasonable investigation of the defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. *Strickland*, 466 U.S. at 690-91. As with any ineffective assistance of counsel claim, the petitioner must prove that an alleged breach of his attorney's duty to investigate "resulted in an actual and substantial disadvantage to the course of his defense." *Baldwin v. Maggio*, 704 F.2d 1325, 1333 (5th Cir. 1983). "In order to satisfy the prejudice prong of *Strickland*, [a defendant] must show 'more than the mere possibility of a different outcome.' [He] must present 'evidence of sufficient quality and force to raise a reasonable probability that,' had it been presented to the jury, the outcome would have been different." *United States v. Drones*, 218 F.3d 496, 504 (5th Cir. 2000) (citations omitted).

20

Attorney Fraley raised the issue of his appointment as counsel to the state district court's attention, as follows in pertinent part:

> MR. FRALEY:  I'd also like the record to reflect Mr. Poledore has never waived any right to counsel or any procedural rights.  Nor did he – in his opinion, he never agreed to appoint me or myself to represent him in the new reindictments.
>
> THE COURT:  Okay.  Well, as to the latter, Mr. Poledore's claim comes too late.  If he did not want you to represent him at trial and had not agreed to have you represent him at trial, he should have made that fact known to the Court before we started the trial.  Now he has waived that complaint, if it is, in fact, a complaint.

(Docket Entry No.4-6, page 3).

Moreover, as previously discussed, Attorney Fraley's representation of petitioner was not illegal; therefore, Fraley's failure to investigate the legality of his appointment as counsel, to correct such matters before trial, to request a continuance, or to withdraw as counsel does not constitute deficient performance.  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (noting that performance component of Strickland does not require counsel "to make futile motions or objections"); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating that "[c]ounsel is not required by the Sixth Amendment to file meritless motions").  Accordingly, petitioner fails to meet his burden under *Strickland* with respect to this claim.

Petitioner's conclusory allegation that Attorney Fraley did not meet with him from July 17, 2006, until trial in mid-August 2006[6] (Docket Entries No.1, page 10; No.4, page 5), does not, without any allegation of prejudice, give rise to a claim of ineffective assistance of counsel.  Moreover, the record shows that petitioner's trial counsel had represented him for many

---

[6] Petitioner states in his original petition that "there was not contact between Petitioner and Counsel Fraley after July-17-06, until Trial day."  (Docket Entry No.1, page 10).  In his memorandum, petitioner states that June 26, 2006, was the day that he had physical contact with Attorney Fraley until trial and that after the re-indictments were issued on July 17, 2006, he had no contact with the state district court until trial commenced on August 15, 2006. (Docket Entry No.4, page 5).

months on this case.[7]  There is no evidence that trial counsel was unfamiliar with the facts and possible defenses.  Habeas corpus exists to remedy serious deprivations of constitutional rights, not displeasure that counsel was not as attentive and communicative as his client desired.

The state habeas courts found that petitioner failed to show that his trial counsel's performance was deficient and that his "counsel's advice was well within the range of competence demanded of attorneys in criminal cases."  (Docket Entries No.12-4, page 70; No.12-7, page 90; No.12-18, page 62).  Petitioner fails to overcome this finding and therefore, fails to show that the state courts' findings are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

C.      Ineffective Assistance of Appellate Counsel

Petitioner contends he was denied the effective assistance of counsel on appeal because his retained appellate counsel did not investigate and present the following issues:  (1) the state district court's failure to arraign; (2) the state district court's acceptance of the amended waiver or an arraignment; (3) petitioner's lack of notice after the re-indictment; (4) the improper enhancement of his sentence; and (5) his trial counsel's illegal representation.  (Docket Entries No.1, No.4).

An accused is constitutionally entitled to effective assistance of counsel on direct appeal as a matter of right.  *Evitts v. Lucey*, 469 U.S. 387 (1985).  Claims of ineffective assistance of counsel are determined by the same standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Because an appellate counsel is not required to raise every nonfrivolous

---

[7] The state district court issued an order appointing Fraley as counsel on August 5, 2005 (Docket Entries No.12-41, page 12; No.12-68, page 12; No.12-84, page 12), and reappointed him on February 7, 2006, after the State filed the first re-indictments with the enhancement paragraphs and petitioner was arraigned.  (Docket Entries No.12-41, page 19; No.12-68, page 19; No.12-84, page 19).

claim on appeal, but may select from among them in order to maximize the likelihood of success on appeal, it is difficult to demonstrate the incompetency of counsel when a brief on the merits is filed. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). The presumption of competency is overcome "'only when ignored issues are clearly stronger than those presented.'" *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Petitioner must also demonstrate prejudice, that is, he must show a reasonable probability that, but for his counsel's failure to file claims on the ignored issues, he would have prevailed on his appeal. *Id.* at 286.

Because the Court has determined that the issues that petitioner contends should have been raised on direct appeal lack merit, the Court finds that appellate counsel did not render ineffective assistance by not presenting to the state appellate courts issues regarding the trial court's failure to arraign and its acceptance of the amended waiver of an arraignment, petitioner's lack of notice after the re-indictment, the improper enhancement of his sentence, and his trial counsel's allegedly illegal representation. Appellant counsel is not deficient in failing to present a meritless claim on direct appeal. Moreover, petitioner fails to show a reasonable probability that the appeal would have had a different outcome had his appellate counsel addressed these issues on direct appeal. Therefore, he fails to show his entitlement to federal habeas relief with respect to the adequacy of the representation of his appellate counsel. Furthermore, he fails to show that the adjudication of such claims by the state habeas courts was objectively unreasonable.

D.      Motion for Evidentiary Hearing

Petitioner contends he is entitled to an evidentiary hearing "because he has established in his Habeas Corpus Petition 'Colorable' claims that merit relief, and Petitioner was never accorded a State hearing on his claims alleged." (Docket Entry No.25). He also

complains that the state habeas courts' findings without an oral or paper hearing denied him the opportunity to present evidence of the ineffectiveness of his trial counsel and resulted in an unreasonable determination of the facts.[8]   (*Id.*).

        "Evidentiary hearings in federal habeas proceedings are governed by 28 U.S.C. § 2254(e)(2), which states that if an applicant has failed to develop the factual basis of his claim in state court proceedings, a federal court should not hold an evidentiary hearing on the claim." *Conner v. Quarterman*, 477 F.3d 287, 293 (5th Cir. 2007).  A failure to establish a factual basis is not established, however, "unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  *Williams v. Taylor*, 529 U.S. 420, 432 (2000).  In this regard, "[d]iligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue the claim in state court."  *Id.*, at 435.  Likewise, a "reasonable attempt" requires that a habeas applicant affirmatively seek an evidentiary hearing in state court in the manner prescribed by state law. *Id.* at 437.

        Petitioner claims that he did not present all documents to the state habeas courts because the state courts did not hold a hearing or require the submission of affidavits; he refers the Court to Exhibits V-2 and V-3, which he claims shows an eight page difference from his memorandum to the State's response.  (Docket Entry No.25, page 2).  Such references do not assist the Court in determining whether petitioner was denied the opportunity to present evidence to the state habeas courts by which he might develop the factual basis of his claims.  Other than the affidavits of his trial and appellate counsel, petitioner does not indicate what evidence he was unable to present to the state habeas courts.  Moreover, the fact that the state habeas court did not

---

[8] Petitioner does not indicate which facts are controverted with respect to his claims.

require the submission of affidavits with his state habeas application did not prevent petitioner from submitting affidavits to support his claims.

Where a habeas petitioner has failed to fully develop the factual basis of his claims in state court, he is precluded from further factual development in federal court unless he can meet the narrow exceptions contained in 28 U.S.C. § 2254(e)(2). *Williams*, 529 U.S. 420, 430. Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> > (A) the claim relies on-
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner does not contend that his claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered. Moreover, he alleges no facts sufficient to establish by clear and convincing evidence that but for the alleged errors of the state district court, or the ineffectiveness of his trial and appellate counsel, no reasonable fact-finder would have found him guilty of aggravated assault with a deadly weapon. Accordingly, petitioner's motions for an evidentiary hearing (Docket Entries No.4, No.25) are DENIED.

III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).   Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."   *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).   A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.   *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated in this Opinion on Dismissal, the Court has determined that petitioner has is not entitled to a certificate of appealability.   Therefore, a certificate of appealability from this decision will be denied.

IV.    CONCLUSION

Accordingly, the Court ORDERS the following:

1.    Respondent's Motion for Summary Judgment (Docket Entry No.18) is GRANTED.

26

2.      This cause of action is DISMISSED, with prejudice.

3.      A certificate of appealability is DENIED.

4.      Petitioner's motions for an Evidentiary Hearing (Docket Entries No.4, No.25) are DENIED.

5.      All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 28th day of February, 2011.

                                    _____
                                    MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE